IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


WAYNE MASON,                                    CV 05-6350-BR

          Plaintiff,                     OPINION AND ORDER

     v.

JO ANNE B. BARNHART, Commissioner
of Social Security,


          Defendant.

     **KATHRYN TASSINARI**
     **BRENT WELLS**
     474 Willamette, Suite 200
     Eugene, OR  97401
     (541) 686-1969

          Attorneys for Plaintiff

     **KARIN J. IMMERGUT**
     United States Attorney
     **NEIL J. EVANS**
     Assistant United States Attorney
     1000 S.W. Third Avenue, Suite 600
     Portland, OR  97204-2902
     (503) 727-1053

     **JEFFREY BAIRD**
     Special Assistant United States Attorney
     Social Security Administration
     701 5th Avenue, Suite 2900 M/S 901
     Seattle, WA  98104-7075
     (206) 615-2205

          Attorneys for Defendant

**BROWN, Judge:**


1- OPINION AND ORDER

**INTRODUCTION**

Plaintiff, Wayne Mason (Mason), brings this action for judicial review of a final decision of the Commissioner of Social Security, dated June 13, 2005, denying his application for supplemental security income (SSI) under Title XVI of the Social Security Act.  42 U.S.C. §§ 1381-83f.  This court has jurisdiction under 42 U.S.C. § 405(g).

Mason filed the application for benefits from which this case arises on November 1, 2002, after multiple previous applications since June 1980.  Tr. 14.  He was awarded benefits by order of this court, as of March 29, 1994, and received them until April 1998, when they were ceased due to medical improvement.  Id.  In the application at issue here Mason alleged disability beginning October 3, 2002, due to carpal tunnel syndrome of both arms, Hepatitis C, major depressive disorder, bilateral hearing loss, a head injury, back injuries, mood instability, paranoia, fatigue, nausea, memory loss, and bipolar disorder.  Tr. 16.

At the hearing, held before an Administrative Law Judge (ALJ) on February 1, 2005, Mason was represented by an attorney. He was 48 years old, with an eleventh grade education, a GED, and some training in small engine repair, welding and machine technology.  Tr. 529.  The ALJ found that Mason had not performed substantial gainful work activity in the past 15 years.  Tr. 16.

After the ALJ issued a decision denying Mason's application on June 13, 2005, the Appeals Council denied his request for review on September 16, 2005, making the ALJ's decision final. Tr. 33; *see* 20 C.F.R. §§ 416.1481, 422.210.

On appeal to this court, Mason claims the ALJ erred by: (1) failing to provide legally sufficient reasons to reject the opinions of Robert Davis, Ph.D., who testified as a medical expert (ME) at the hearing, and Salvador Ortega, M.D.; (2) failing to credit the opinion of Donald Lange, Ph.D. in the assessment of his residual functional capacity (RFC); and (3) basing his step five non-disability decision on an incomplete hypothetical question.  Mason moves this court to remand his case for immediate calculation of benefits.

The Commissioner concedes that this case should be remanded, but for further proceedings.  According to the Commissioner, the ALJ must reevaluate the opinions of Dr. Ortega and Dr. Lange.  On the other hand, the Commissioner contends the ALJ's rejection of Dr. Davis' opinion should be affirmed.

Thus, the issues for this court are: (1) whether the ALJ provided legally sufficient reasons to reject the opinions of Dr. Ortega, Dr. Lange and/or Dr. Davis, and (2) if not, whether further administrative proceedings are necessary before a disability determination can be made.

Upon a thorough and careful review of the record, the court finds the Commissioner's decision was not based on substantial evidence, and therefore **REMANDS** for further proceedings.

### STANDARD OF REVIEW

The initial burden of proof rests on the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld even if the "evidence is susceptible to more than one rational interpretation." *Andrews,* 53 F.3d at 1039-40. The court may not substitute its judgment for that of the Commissioner. *Batson,* 359 F.3d at 1193.

## DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert,* 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. The claimant bears the burden of proof at steps one through four. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Each step is potentially dispositive.

Here, at step one, the ALJ found Mason had not performed substantial gainful work activity since his alleged onset date of disability. Tr. 32; *see* 20 C.F.R. § 416.920(a)(4)(I).

At step two the ALJ found Mason had "severe" impairments, including carpal tunnel syndrome, bipolar disorder, ongoing alcohol and marijuana abuse, and hypertension. Tr. 32; *see* 20 C.F.R. § 416.920(a)(4)(ii).

At step three the ALJ determined that none of Mason's impairments, separately or in combination, met or equaled a Listed Impairment.  Tr. 32; *see* 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920(d).

The ALJ assessed Mason with the residual functional capacity (RFC) to perform a modified range of light work.  Tr. 32; *see* 20 C.F.R. §§ 416.920(e), 416.945.

At step four the ALJ found Mason had no past relevant work. Tr. 32; *see* 20 C.F.R. §§ 416.920(a)(4)(iv), 416.920(f).

At step five the ALJ found Mason remained capable of performing other work, such as light production/ assembler, electrical worker, or copy machine operator.  Tr. 31-32; 20 C.F.R. §§ 416.920(g).

## DISCUSSION

The standards employed by the Commissioner in evaluating medical evidence in disability cases are found at 20 C.F.R. § 416.927.  The Commissioner weighs treating physicians' opinions by considering the following factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the degree of supporting explanations and evidence; (4) consistency with the record as a whole; (5) whether the physician specializes in the medical issue about which he opines; and (6) other evidence, such

6- OPINION AND ORDER

as whether the physician is familiar with the claimant's case record.  *Id*. at 416.927(d).

The Commissioner evaluates non-treating, examining physicians' and psychologists' opinions based on: (1) medical specialty and expertise with the social security rules; (2) supporting evidence in the case record; (3) supporting explanations provided by the physician or psychologist; and (4) any other relevant factors.  20 C.F.R. § 416.927(f).

To reject the uncontroverted opinion of a treating physician, the ALJ must present clear and convincing reasons for doing so.  *Rodriguez v. Bowen*, 876 F.2d 759, 761-62 (9th Cir. 1989).  To reject the opinion of a treating physician that conflicts with another physician's opinion in the record, the ALJ must give specific and legitimate reasons, based on substantial evidence.  *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987).

The opinion of a non-examining, testifying medical expert may serve as substantial evidence with which to reject a contradicted treating physician's opinion, if it is supported by other evidence in the record.  *See Andrews*, 53 F.3d at 1041.  "Although the ALJ is not bound by expert medical opinion on the issue of disability, he must give clear and convincing reasons for rejecting such an opinion where it is uncontradicted."  *Gallant v. Heckler*, 753 F.2d 1450, 1454 (9th Cir. 1984).

### A.    Dr. Ortega

According to Mason, the ALJ wrongly rejected the opinion of
Salvador Ortega, M.D., that Mason was "a poor candidate to do any
prolonged and meaningful work duties" but "could possibly do
light work duties part time with the appropriate resources."  Tr.
407.

The ALJ reviewed Dr. Ortega's chart notes from three visits
with Mason between January 2004 and April 2004, and from a
physical examination of Mason in January 2005.  *See* Tr. 372-74,
406-407.  The ALJ noted that Mason told Dr. Ortega he was unable
to perform any meaningful work due to both mental and physical
impairments.  Tr. 18.  The ALJ restated Dr. Ortega's finding that
Mason had a very passive approach to his health, and that he was
unwilling or unable to change behaviors that attributed to his
health problems.  Tr. 18.  The ALJ also noted that Dr. Ortega
opined that Mason could possibly do part-time, light work.  Tr.
18.

The ALJ expressly found Dr. Ortega's reports credible.  Tr.
31.  Nevertheless, Mason contends the ALJ implicitly rejected Dr.
Ortega's opinion because "he did not adopt [it]."  This court
assumes Mason means that by finding Mason capable of performing
other work, at step five, the ALJ did not credit Dr. Ortega's
opinion that Mason could work part-time.

As noted above, the Commissioner concedes the ALJ's evaluation of Dr. Ortega's opinion was inadequate.  However, the Commissioner argues it is unclear by what standard Dr. Ortega's opinion should be judged, because he only treated Mason three times.  *See* 20 C.F.R. § 416.927(d)(2)(stating that a treating physician's uncontroverted, clinically supported opinion is entitled to controlling weight).  Accordingly, the Commissioner urges this court to remand this case for reevaluation of Dr. Ortega's opinion.

This court is not persuaded by either party's position.  The opinion in question – that Mason is only capable of part-time work – is not an acceptable medical opinion.  It is an administrative finding reserved to the Commissioner, and is therefore entitled to little weight.  *See* SSR 96-5p; 20 C.F.R. § 416.927(e)(1).  The ALJ's only error was in failing to clearly state that this part of Dr. Ortega's opinion was not acceptable.  However, this error was harmless because it was inconsequential to the ultimate finding that Mason was not disabled during the period under review.  *See generally Booz v. Secretary of Health and Human Servs.*, 734 F.2d 1378 (9th Cir. 1984); *cf. Stout v. Comm'r*, 454 F.3d 1050, 1055-56 (9th Cir.2006)(where ALJ fails to properly discuss competent lay testimony reviewing court cannot consider error harmless unless it can conclude that "no

reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination"). Accordingly, it would be imprudent to remand this case for reevaluation of Dr. Ortega's opinion.

**B. Dr. Lange**

Mason contends the ALJ erred by failing to credit the functional limitations assessed by Donald E. Lange, Ph.D., in January 2004, who performed a comprehensive neuropsychological evaluation of Mason. Tr. 357-71. According to Mason, the ALJ should have included in his RFC assessment "difficulties in processing speed" and "limitations in his ability to focus." His failure to do so resulted in error, argues Mason, because the jobs the ALJ found Mason capable of performing at step five required fast processing and good attention.

The ALJ throughly reviewed Dr. Lange's report, expressly noting his principle finding that Mason exhibits "inconsistency in his ability to maintain focus and freedom from distraction, a notably slower mental and psychomotor speed, [and] a highly inconsistent immediate span and ability for mental tracking and multitasking." Tr. 24-25. The ALJ stated that he gave "some weight" to Dr. Lange's evaluation, but did not indicate what portion of Dr. Lange's opinion he rejected, or why. In rejecting Dr. Davis' opinion (discussed below) that Mason met the criteria

of a Listed Impairment, which was largely based on Dr. Lange's evaluation, the ALJ indicated that he found the Disability Determination Services (DDS) physicians more persuasive.  Tr. 28.

In any event, though it is not entirely clear to this court that the ALJ rejected the limitations Mason contends he did (given that the RFC assessment included a limitation to only occasional co-worker interaction, no public interaction, and only simple, routine, repetitive work), still he failed to provide any reasons for not fully crediting Dr. Lange.  This was plainly error, as the Commissioner concedes.

The Commissioner would have this court remand this case so she may compare Dr. Lange's opinion "with other medical opinions indicating the possibility of sustained gainful activity, for example, the well supported opinion of James Wahlberg, Ph.D., issued August 7, 2002...".  Yet, the ALJ already compared Dr. Lange's opinion with Dr. Wahlberg's, noting that Dr. Lange's was "completely different" (Tr. 28) and that Dr. Wahlberg opined Mason had a "number of intellectual skills and abilities that could be transferable to a variety of job situations" though he believed Mason's physical limitations would preclude employment. Tr. 24, 31, 326, 333-39.  The purpose of further comparison eludes this court.

11- OPINION AND ORDER

Under the "crediting as true" doctrine, evidence should be credited and an immediate award of benefits directed where the ALJ has failed to provide legally sufficient reasons for rejecting such evidence and no outstanding issues remain before a determination of disability can be made if the evidence is credited. *Harman v. Apfel*, 211 F.3d 1172, 1178, citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Although the ALJ failed to provide legally sufficient reasons for rejecting Dr. Lange's opinion, even were this court to credit Dr. Lange, a disability determination could not be made before the issues discussed below are resolved.

**C.    Dr. Davis**

Dr. Davis testified at the hearing in February 2005 as a medical expert (ME). He stated that in his opinion, based on the testing performed by Dr. Lange, Mason met the criteria of Listing 12.04 (Affective Disorder) until six months before the hearing (or until August 2004), when he improved from medication. Tr. 558. However, Dr. Davis also opined that even after improvement, Mason still needed to work in an environment with very tolerant production requirements and without interacting with many people. Id.

Mason argues that Dr. Davis' opinion is entitled to more weight than the DDS psychologists to whom the ALJ deferred

because Dr. Davis had the benefit of reviewing Dr. Lange's evaluation, which Mason contends is the most thorough mental evaluation in the record, and because he questioned Mason at the hearing.

The Commissioner urges this court to affirm the ALJ's rejection of Dr. Davis' testimony. She argues that the ALJ fully discussed and weighed Dr. Davis' opinion, factored his findings in the RFC assessment, but rejected his opinion that Mason met a Listed Impairment because it was contradicted by "similarly situated reviewing physicians...".

There are several reasons Dr. Davis' opinion must be reevaluated on remand. First, Dr. Davis appears to have based his opinion largely on Dr. Lange's evaluation, which was wrongly rejected by the ALJ. Second, it is unclear from the record whether Mason's undisputed lack of credibility affected Dr. Lange's evaluation and/or Dr. Davis' opinion. Third, though the ALJ found Mason was abusing alcohol and marijuana at the time he issued his written decision (Tr. 32), it is unclear what role, if any, drugs and alcohol played in the disability picture. Notably, Dr. Lange diagnosed Mason with polysubstance dependence, in remission by Mason's self-report (Tr. 367), yet Mason himself testified that he continues to use marijuana (Tr. 553).

13- OPINION AND ORDER

In sum, on remand the ALJ must reevaluate Dr. Lange's findings and state why he rejects them if he does, or credit them if he does not.  If the ALJ finds Dr. Lange's findings are credible, he must reevaluate Dr. Davis' opinion in light of Dr. Lange's.  If the ALJ then determines that Dr. Davis' opinion should be credited, he must evaluate whether drug addiction or alcoholism (DAA) was a material factor in Dr. Davis' determination that Mason met the criteria of a Listed Impairment. *See* 20 C.F.R. § 416.935(b).

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REMANDED for further proceedings.

IT IS SO ORDERED.

DATED this 22nd day of January, 2007.

/s/ Anna J. Brown
Anna J. Brown
United States District Judge

14- OPINION AND ORDER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


WAYNE MASON,                                    CV 05-6350-BR

            Plaintiff,                    OPINION AND ORDER

      v.

JO ANNE B. BARNHART, Commissioner
of Social Security,


            Defendant.

      **KATHRYN TASSINARI**
      **BRENT WELLS**
      474 Willamette, Suite 200
      Eugene, OR  97401
      (541) 686-1969

            Attorneys for Plaintiff

      **KARIN J. IMMERGUT**
      United States Attorney
      **NEIL J. EVANS**
      Assistant United States Attorney
      1000 S.W. Third Avenue, Suite 600
      Portland, OR  97204-2902
      (503) 727-1053

      **JEFFREY BAIRD**
      Special Assistant United States Attorney
      Social Security Administration
      701 5th Avenue, Suite 2900 M/S 901
      Seattle, WA  98104-7075
      (206) 615-2205

            Attorneys for Defendant


**BROWN, Judge:**


1- OPINION AND ORDER

**<u>INTRODUCTION</u>**

Plaintiff, Wayne Mason (Mason), brings this action for judicial review of a final decision of the Commissioner of Social Security, dated June 13, 2005, denying his application for supplemental security income (SSI) under Title XVI of the Social Security Act.  42 U.S.C. §§ 1381-83f.  This court has jurisdiction under 42 U.S.C. § 405(g).

Mason filed the application for benefits from which this case arises on November 1, 2002, after multiple previous applications since June 1980.  Tr. 14.  He was awarded benefits by order of this court, as of March 29, 1994, and received them until April 1998, when they were ceased due to medical improvement.  <u>Id</u>.  In the application at issue here Mason alleged disability beginning October 3, 2002, due to carpal tunnel syndrome of both arms, Hepatitis C, major depressive disorder, bilateral hearing loss, a head injury, back injuries, mood instability, paranoia, fatigue, nausea, memory loss, and bipolar disorder.  Tr. 16.

At the hearing, held before an Administrative Law Judge (ALJ) on February 1, 2005, Mason was represented by an attorney. He was 48 years old, with an eleventh grade education, a GED, and some training in small engine repair, welding and machine technology.  Tr. 529.  The ALJ found that Mason had not performed substantial gainful work activity in the past 15 years.  Tr. 16.

After the ALJ issued a decision denying Mason's application on June 13, 2005, the Appeals Council denied his request for review on September 16, 2005, making the ALJ's decision final. Tr. 33; *see* 20 C.F.R. §§ 416.1481, 422.210.

On appeal to this court, Mason claims the ALJ erred by: (1) failing to provide legally sufficient reasons to reject the opinions of Robert Davis, Ph.D., who testified as a medical expert (ME) at the hearing, and Salvador Ortega, M.D.; (2) failing to credit the opinion of Donald Lange, Ph.D. in the assessment of his residual functional capacity (RFC); and (3) basing his step five non-disability decision on an incomplete hypothetical question.  Mason moves this court to remand his case for immediate calculation of benefits.

The Commissioner concedes that this case should be remanded, but for further proceedings.  According to the Commissioner, the ALJ must reevaluate the opinions of Dr. Ortega and Dr. Lange.  On the other hand, the Commissioner contends the ALJ's rejection of Dr. Davis' opinion should be affirmed.

Thus, the issues for this court are: (1) whether the ALJ provided legally sufficient reasons to reject the opinions of Dr. Ortega, Dr. Lange and/or Dr. Davis, and (2) if not, whether further administrative proceedings are necessary before a disability determination can be made.

3- OPINION AND ORDER

Upon a thorough and careful review of the record, the court finds the Commissioner's decision was not based on substantial evidence, and therefore **REMANDS** for further proceedings.

## STANDARD OF REVIEW

The initial burden of proof rests on the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

4- OPINION AND ORDER

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld even if the "evidence is susceptible to more than one rational interpretation." *Andrews,* 53 F.3d at 1039-40. The court may not substitute its judgment for that of the Commissioner. *Batson,* 359 F.3d at 1193.

## DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert,* 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. The claimant bears the burden of proof at steps one through four. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Each step is potentially dispositive.

Here, at step one, the ALJ found Mason had not performed substantial gainful work activity since his alleged onset date of disability. Tr. 32; *see* 20 C.F.R. § 416.920(a)(4)(I).

At step two the ALJ found Mason had "severe" impairments, including carpal tunnel syndrome, bipolar disorder, ongoing alcohol and marijuana abuse, and hypertension. Tr. 32; *see* 20 C.F.R. § 416.920(a)(4)(ii).

5- OPINION AND ORDER

At step three the ALJ determined that none of Mason's impairments, separately or in combination, met or equaled a Listed Impairment.  Tr. 32; see 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920(d).

The ALJ assessed Mason with the residual functional capacity (RFC) to perform a modified range of light work.  Tr. 32; see 20 C.F.R. §§ 416.920(e), 416.945.

At step four the ALJ found Mason had no past relevant work. Tr. 32; see 20 C.F.R. §§ 416.920(a)(4)(iv), 416.920(f).

At step five the ALJ found Mason remained capable of performing other work, such as light production/ assembler, electrical worker, or copy machine operator.  Tr. 31-32; 20 C.F.R. §§ 416.920(g).

## DISCUSSION

The standards employed by the Commissioner in evaluating medical evidence in disability cases are found at 20 C.F.R. § 416.927.  The Commissioner weighs treating physicians' opinions by considering the following factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the degree of supporting explanations and evidence; (4) consistency with the record as a whole; (5) whether the physician specializes in the medical issue about which he opines; and (6) other evidence, such

6- OPINION AND ORDER

as whether the physician is familiar with the claimant's case
record.  *Id*. at 416.927(d).

The Commissioner evaluates non-treating, examining
physicians' and psychologists' opinions based on: (1) medical
specialty and expertise with the social security rules; (2)
supporting evidence in the case record; (3) supporting
explanations provided by the physician or psychologist; and (4)
any other relevant factors.  20 C.F.R. § 416.927(f).

To reject the uncontroverted opinion of a treating
physician, the ALJ must present clear and convincing reasons for
doing so.  *Rodriguez v. Bowen*, 876 F.2d 759, 761-62 (9th Cir.
1989).  To reject the opinion of a treating physician that
conflicts with another physician's opinion in the record, the ALJ
must give specific and legitimate reasons, based on substantial
evidence.  *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987).

The opinion of a non-examining, testifying medical expert
may serve as substantial evidence with which to reject a
contradicted treating physician's opinion, if it is supported by
other evidence in the record.  *See Andrews*, 53 F.3d at 1041.
"Although the ALJ is not bound by expert medical opinion on the
issue of disability, he must give clear and convincing reasons
for rejecting such an opinion where it is uncontradicted."
*Gallant v. Heckler*, 753 F.2d 1450, 1454 (9th Cir. 1984).

**A.   Dr. Ortega**

According to Mason, the ALJ wrongly rejected the opinion of Salvador Ortega, M.D., that Mason was "a poor candidate to do any prolonged and meaningful work duties" but "could possibly do light work duties part time with the appropriate resources."  Tr. 407.

The ALJ reviewed Dr. Ortega's chart notes from three visits with Mason between January 2004 and April 2004, and from a physical examination of Mason in January 2005.  *See* Tr. 372-74, 406-407.  The ALJ noted that Mason told Dr. Ortega he was unable to perform any meaningful work due to both mental and physical impairments.  Tr. 18.  The ALJ restated Dr. Ortega's finding that Mason had a very passive approach to his health, and that he was unwilling or unable to change behaviors that attributed to his health problems.  Tr. 18.  The ALJ also noted that Dr. Ortega opined that Mason could possibly do part-time, light work.  Tr. 18.

The ALJ expressly found Dr. Ortega's reports credible.  Tr. 31.  Nevertheless, Mason contends the ALJ implicitly rejected Dr. Ortega's opinion because "he did not adopt [it]."  This court assumes Mason means that by finding Mason capable of performing other work, at step five, the ALJ did not credit Dr. Ortega's opinion that Mason could work part-time.

As noted above, the Commissioner concedes the ALJ's evaluation of Dr. Ortega's opinion was inadequate.  However, the Commissioner argues it is unclear by what standard Dr. Ortega's opinion should be judged, because he only treated Mason three times.  *See* 20 C.F.R. § 416.927(d)(2)(stating that a treating physician's uncontroverted, clinically supported opinion is entitled to controlling weight).  Accordingly, the Commissioner urges this court to remand this case for reevaluation of Dr. Ortega's opinion.

This court is not persuaded by either party's position.  The opinion in question – that Mason is only capable of part-time work – is not an acceptable medical opinion.  It is an administrative finding reserved to the Commissioner, and is therefore entitled to little weight.  *See* SSR 96-5p; 20 C.F.R. § 416.927(e)(1).  The ALJ's only error was in failing to clearly state that this part of Dr. Ortega's opinion was not acceptable.  However, this error was harmless because it was inconsequential to the ultimate finding that Mason was not disabled during the period under review.  *See generally Booz v. Secretary of Health and Human Servs.*, 734 F.2d 1378 (9th Cir. 1984); *cf*. *Stout v. Comm'r*, 454 F.3d 1050, 1055-56 (9th Cir.2006)(where ALJ fails to properly discuss competent lay testimony reviewing court cannot consider error harmless unless it can conclude that "no

reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination").  Accordingly, it would be imprudent to remand this case for reevaluation of Dr. Ortega's opinion.

**B.    Dr. Lange**

Mason contends the ALJ erred by failing to credit the functional limitations assessed by Donald E. Lange, Ph.D., in January 2004, who performed a comprehensive neuropsychological evaluation of Mason.  Tr. 357-71.  According to Mason, the ALJ should have included in his RFC assessment "difficulties in processing speed" and "limitations in his ability to focus."  His failure to do so resulted in error, argues Mason, because the jobs the ALJ found Mason capable of performing at step five required fast processing and good attention.

The ALJ throughly reviewed Dr. Lange's report, expressly noting his principle finding that Mason exhibits "inconsistency in his ability to maintain focus and freedom from distraction, a notably slower mental and psychomotor speed, [and] a highly inconsistent immediate span and ability for mental tracking and multitasking."  Tr. 24-25.  The ALJ stated that he gave "some weight" to Dr. Lange's evaluation, but did not indicate what portion of Dr. Lange's opinion he rejected, or why.  In rejecting Dr. Davis' opinion (discussed below) that Mason met the criteria

10- OPINION AND ORDER

of a Listed Impairment, which was largely based on Dr. Lange's
evaluation, the ALJ indicated that he found the Disability
Determination Services (DDS) physicians more persuasive.  Tr. 28.

In any event, though it is not entirely clear to this court
that the ALJ rejected the limitations Mason contends he did
(given that the RFC assessment included a limitation to only
occasional co-worker interaction, no public interaction, and only
simple, routine, repetitive work), still he failed to provide any
reasons for not fully crediting Dr. Lange.  This was plainly
error, as the Commissioner concedes.

The Commissioner would have this court remand this case so
she may compare Dr. Lange's opinion "with other medical opinions
indicating the possibility of sustained gainful activity, for
example, the well supported opinion of James Wahlberg, Ph.D.,
issued August 7, 2002...".  Yet, the ALJ already compared Dr.
Lange's opinion with Dr. Wahlberg's, noting that Dr. Lange's was
"completely different" (Tr. 28) and that Dr. Wahlberg opined
Mason had a "number of intellectual skills and abilities that
could be transferable to a variety of job situations" though he
believed Mason's physical limitations would preclude employment.
Tr. 24, 31, 326, 333-39.  The purpose of further comparison
eludes this court.

11- OPINION AND ORDER

Under the "crediting as true" doctrine, evidence should be credited and an immediate award of benefits directed where the ALJ has failed to provide legally sufficient reasons for rejecting such evidence and no outstanding issues remain before a determination of disability can be made if the evidence is credited. *Harman v. Apfel*, 211 F.3d 1172, 1178, citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Although the ALJ failed to provide legally sufficient reasons for rejecting Dr. Lange's opinion, even were this court to credit Dr. Lange, a disability determination could not be made before the issues discussed below are resolved.

### C.   Dr. Davis

Dr. Davis testified at the hearing in February 2005 as a medical expert (ME). He stated that in his opinion, based on the testing performed by Dr. Lange, Mason met the criteria of Listing 12.04 (Affective Disorder) until six months before the hearing (or until August 2004), when he improved from medication. Tr. 558. However, Dr. Davis also opined that even after improvement, Mason still needed to work in an environment with very tolerant production requirements and without interacting with many people. Id.

Mason argues that Dr. Davis' opinion is entitled to more weight than the DDS psychologists to whom the ALJ deferred

because Dr. Davis had the benefit of reviewing Dr. Lange's evaluation, which Mason contends is the most thorough mental evaluation in the record, and because he questioned Mason at the hearing.

The Commissioner urges this court to affirm the ALJ's rejection of Dr. Davis' testimony.  She argues that the ALJ fully discussed and weighed Dr. Davis' opinion, factored his findings in the RFC assessment, but rejected his opinion that Mason met a Listed Impairment because it was contradicted by "similarly situated reviewing physicians...".

There are several reasons Dr. Davis' opinion must be reevaluated on remand.  First, Dr. Davis appears to have based his opinion largely on Dr. Lange's evaluation, which was wrongly rejected by the ALJ.  Second, it is unclear from the record whether Mason's undisputed lack of credibility affected Dr. Lange's evaluation and/or Dr. Davis' opinion.  Third, though the ALJ found Mason was abusing alcohol and marijuana at the time he issued his written decision (Tr. 32), it is unclear what role, if any, drugs and alcohol played in the disability picture. Notably, Dr. Lange diagnosed Mason with polysubstance dependence, in remission by Mason's self-report (Tr. 367), yet Mason himself testified that he continues to use marijuana (Tr. 553).

13- OPINION AND ORDER

In sum, on remand the ALJ must reevaluate Dr. Lange's findings and state why he rejects them if he does, or credit them if he does not.  If the ALJ finds Dr. Lange's findings are credible, he must reevaluate Dr. Davis' opinion in light of Dr. Lange's.  If the ALJ then determines that Dr. Davis' opinion should be credited, he must evaluate whether drug addiction or alcoholism (DAA) was a material factor in Dr. Davis' determination that Mason met the criteria of a Listed Impairment. *See* 20 C.F.R. § 416.935(b).

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REMANDED for further proceedings.

IT IS SO ORDERED.

DATED this 22nd day of January, 2007.

/s/ Anna J. Brown
Anna J. Brown
United States District Judge

14- OPINION AND ORDER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


WAYNE MASON,                                          CV 05-6350-BR

        Plaintiff,                          OPINION AND ORDER

    v.

JO ANNE B. BARNHART, Commissioner
of Social Security,


        Defendant.

**KATHRYN TASSINARI**
**BRENT WELLS**
474 Willamette, Suite 200
Eugene, OR  97401
(541) 686-1969

    Attorneys for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**NEIL J. EVANS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

**JEFFREY BAIRD**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2205

    Attorneys for Defendant

**BROWN, Judge:**


1- OPINION AND ORDER

## INTRODUCTION

Plaintiff, Wayne Mason (Mason), brings this action for judicial review of a final decision of the Commissioner of Social Security, dated June 13, 2005, denying his application for supplemental security income (SSI) under Title XVI of the Social Security Act.  42 U.S.C. §§ 1381-83f.  This court has jurisdiction under 42 U.S.C. § 405(g).

Mason filed the application for benefits from which this case arises on November 1, 2002, after multiple previous applications since June 1980.  Tr. 14.  He was awarded benefits by order of this court, as of March 29, 1994, and received them until April 1998, when they were ceased due to medical improvement.  Id.  In the application at issue here Mason alleged disability beginning October 3, 2002, due to carpal tunnel syndrome of both arms, Hepatitis C, major depressive disorder, bilateral hearing loss, a head injury, back injuries, mood instability, paranoia, fatigue, nausea, memory loss, and bipolar disorder.  Tr. 16.

At the hearing, held before an Administrative Law Judge (ALJ) on February 1, 2005, Mason was represented by an attorney. He was 48 years old, with an eleventh grade education, a GED, and some training in small engine repair, welding and machine technology.  Tr. 529.  The ALJ found that Mason had not performed substantial gainful work activity in the past 15 years.  Tr. 16.

After the ALJ issued a decision denying Mason's application on June 13, 2005, the Appeals Council denied his request for review on September 16, 2005, making the ALJ's decision final. Tr. 33; *see* 20 C.F.R. §§ 416.1481, 422.210.

On appeal to this court, Mason claims the ALJ erred by: (1) failing to provide legally sufficient reasons to reject the opinions of Robert Davis, Ph.D., who testified as a medical expert (ME) at the hearing, and Salvador Ortega, M.D.; (2) failing to credit the opinion of Donald Lange, Ph.D. in the assessment of his residual functional capacity (RFC); and (3) basing his step five non-disability decision on an incomplete hypothetical question. Mason moves this court to remand his case for immediate calculation of benefits.

The Commissioner concedes that this case should be remanded, but for further proceedings. According to the Commissioner, the ALJ must reevaluate the opinions of Dr. Ortega and Dr. Lange. On the other hand, the Commissioner contends the ALJ's rejection of Dr. Davis' opinion should be affirmed.

Thus, the issues for this court are: (1) whether the ALJ provided legally sufficient reasons to reject the opinions of Dr. Ortega, Dr. Lange and/or Dr. Davis, and (2) if not, whether further administrative proceedings are necessary before a disability determination can be made.

Upon a thorough and careful review of the record, the court finds the Commissioner's decision was not based on substantial evidence, and therefore **REMANDS** for further proceedings.

## STANDARD OF REVIEW

The initial burden of proof rests on the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld even if the "evidence is susceptible to more than one rational interpretation." *Andrews,* 53 F.3d at 1039-40. The court may not substitute its judgment for that of the Commissioner. *Batson,* 359 F.3d at 1193.

## DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert,* 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. The claimant bears the burden of proof at steps one through four. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Each step is potentially dispositive.

Here, at step one, the ALJ found Mason had not performed substantial gainful work activity since his alleged onset date of disability. Tr. 32; *see* 20 C.F.R. § 416.920(a)(4)(I).

At step two the ALJ found Mason had "severe" impairments, including carpal tunnel syndrome, bipolar disorder, ongoing alcohol and marijuana abuse, and hypertension. Tr. 32; *see* 20 C.F.R. § 416.920(a)(4)(ii).

5- OPINION AND ORDER

At step three the ALJ determined that none of Mason's impairments, separately or in combination, met or equaled a Listed Impairment.  Tr. 32; see 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920(d).

The ALJ assessed Mason with the residual functional capacity (RFC) to perform a modified range of light work.  Tr. 32; see 20 C.F.R. §§ 416.920(e), 416.945.

At step four the ALJ found Mason had no past relevant work. Tr. 32; see 20 C.F.R. §§ 416.920(a)(4)(iv), 416.920(f).

At step five the ALJ found Mason remained capable of performing other work, such as light production/ assembler, electrical worker, or copy machine operator.  Tr. 31-32; 20 C.F.R. §§ 416.920(g).

<u>**DISCUSSION**</u>

The standards employed by the Commissioner in evaluating medical evidence in disability cases are found at 20 C.F.R. § 416.927.  The Commissioner weighs treating physicians' opinions by considering the following factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the degree of supporting explanations and evidence; (4) consistency with the record as a whole; (5) whether the physician specializes in the medical issue about which he opines; and (6) other evidence, such

6- OPINION AND ORDER

as whether the physician is familiar with the claimant's case record.  *Id*. at 416.927(d).

The Commissioner evaluates non-treating, examining physicians' and psychologists' opinions based on: (1) medical specialty and expertise with the social security rules; (2) supporting evidence in the case record; (3) supporting explanations provided by the physician or psychologist; and (4) any other relevant factors.  20 C.F.R. § 416.927(f).

To reject the uncontroverted opinion of a treating physician, the ALJ must present clear and convincing reasons for doing so.  *Rodriguez v. Bowen*, 876 F.2d 759, 761-62 (9th Cir. 1989).  To reject the opinion of a treating physician that conflicts with another physician's opinion in the record, the ALJ must give specific and legitimate reasons, based on substantial evidence.  *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987).

The opinion of a non-examining, testifying medical expert may serve as substantial evidence with which to reject a contradicted treating physician's opinion, if it is supported by other evidence in the record.  *See Andrews*, 53 F.3d at 1041. "Although the ALJ is not bound by expert medical opinion on the issue of disability, he must give clear and convincing reasons for rejecting such an opinion where it is uncontradicted." *Gallant v. Heckler*, 753 F.2d 1450, 1454 (9th Cir. 1984).

7- OPINION AND ORDER

### A.  Dr. Ortega

According to Mason, the ALJ wrongly rejected the opinion of Salvador Ortega, M.D., that Mason was "a poor candidate to do any prolonged and meaningful work duties" but "could possibly do light work duties part time with the appropriate resources."  Tr. 407.

The ALJ reviewed Dr. Ortega's chart notes from three visits with Mason between January 2004 and April 2004, and from a physical examination of Mason in January 2005.  *See* Tr. 372-74, 406-407.  The ALJ noted that Mason told Dr. Ortega he was unable to perform any meaningful work due to both mental and physical impairments.  Tr. 18.  The ALJ restated Dr. Ortega's finding that Mason had a very passive approach to his health, and that he was unwilling or unable to change behaviors that attributed to his health problems.  Tr. 18.  The ALJ also noted that Dr. Ortega opined that Mason could possibly do part-time, light work.  Tr. 18.

The ALJ expressly found Dr. Ortega's reports credible.  Tr. 31.  Nevertheless, Mason contends the ALJ implicitly rejected Dr. Ortega's opinion because "he did not adopt [it]."  This court assumes Mason means that by finding Mason capable of performing other work, at step five, the ALJ did not credit Dr. Ortega's opinion that Mason could work part-time.

8- OPINION AND ORDER

As noted above, the Commissioner concedes the ALJ's evaluation of Dr. Ortega's opinion was inadequate.  However, the Commissioner argues it is unclear by what standard Dr. Ortega's opinion should be judged, because he only treated Mason three times.  *See* 20 C.F.R. § 416.927(d)(2)(stating that a treating physician's uncontroverted, clinically supported opinion is entitled to controlling weight).  Accordingly, the Commissioner urges this court to remand this case for reevaluation of Dr. Ortega's opinion.

This court is not persuaded by either party's position.  The opinion in question – that Mason is only capable of part-time work – is not an acceptable medical opinion.  It is an administrative finding reserved to the Commissioner, and is therefore entitled to little weight.  *See* SSR 96-5p; 20 C.F.R. § 416.927(e)(1).  The ALJ's only error was in failing to clearly state that this part of Dr. Ortega's opinion was not acceptable.  However, this error was harmless because it was inconsequential to the ultimate finding that Mason was not disabled during the period under review.  *See generally Booz v. Secretary of Health and Human Servs.*, 734 F.2d 1378 (9th Cir. 1984); *cf*. *Stout v. Comm'r*, 454 F.3d 1050, 1055-56 (9th Cir.2006)(where ALJ fails to properly discuss competent lay testimony reviewing court cannot consider error harmless unless it can conclude that "no

reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination").  Accordingly, it would be imprudent to remand this case for reevaluation of Dr. Ortega's opinion.

**B.  Dr. Lange**

Mason contends the ALJ erred by failing to credit the functional limitations assessed by Donald E. Lange, Ph.D., in January 2004, who performed a comprehensive neuropsychological evaluation of Mason.  Tr. 357-71.  According to Mason, the ALJ should have included in his RFC assessment "difficulties in processing speed" and "limitations in his ability to focus."  His failure to do so resulted in error, argues Mason, because the jobs the ALJ found Mason capable of performing at step five required fast processing and good attention.

The ALJ throughly reviewed Dr. Lange's report, expressly noting his principle finding that Mason exhibits "inconsistency in his ability to maintain focus and freedom from distraction, a notably slower mental and psychomotor speed, [and] a highly inconsistent immediate span and ability for mental tracking and multitasking."  Tr. 24-25.  The ALJ stated that he gave "some weight" to Dr. Lange's evaluation, but did not indicate what portion of Dr. Lange's opinion he rejected, or why.  In rejecting Dr. Davis' opinion (discussed below) that Mason met the criteria

of a Listed Impairment, which was largely based on Dr. Lange's evaluation, the ALJ indicated that he found the Disability Determination Services (DDS) physicians more persuasive.  Tr. 28.

In any event, though it is not entirely clear to this court that the ALJ rejected the limitations Mason contends he did (given that the RFC assessment included a limitation to only occasional co-worker interaction, no public interaction, and only simple, routine, repetitive work), still he failed to provide any reasons for not fully crediting Dr. Lange.  This was plainly error, as the Commissioner concedes.

The Commissioner would have this court remand this case so she may compare Dr. Lange's opinion "with other medical opinions indicating the possibility of sustained gainful activity, for example, the well supported opinion of James Wahlberg, Ph.D., issued August 7, 2002...".  Yet, the ALJ already compared Dr. Lange's opinion with Dr. Wahlberg's, noting that Dr. Lange's was "completely different" (Tr. 28) and that Dr. Wahlberg opined Mason had a "number of intellectual skills and abilities that could be transferable to a variety of job situations" though he believed Mason's physical limitations would preclude employment. Tr. 24, 31, 326, 333-39.  The purpose of further comparison eludes this court.

11- OPINION AND ORDER

Under the "crediting as true" doctrine, evidence should be credited and an immediate award of benefits directed where the ALJ has failed to provide legally sufficient reasons for rejecting such evidence and no outstanding issues remain before a determination of disability can be made if the evidence is credited. *Harman v. Apfel*, 211 F.3d 1172, 1178, citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Although the ALJ failed to provide legally sufficient reasons for rejecting Dr. Lange's opinion, even were this court to credit Dr. Lange, a disability determination could not be made before the issues discussed below are resolved.

**C.   Dr. Davis**

Dr. Davis testified at the hearing in February 2005 as a medical expert (ME). He stated that in his opinion, based on the testing performed by Dr. Lange, Mason met the criteria of Listing 12.04 (Affective Disorder) until six months before the hearing (or until August 2004), when he improved from medication. Tr. 558. However, Dr. Davis also opined that even after improvement, Mason still needed to work in an environment with very tolerant production requirements and without interacting with many people. Id.

Mason argues that Dr. Davis' opinion is entitled to more weight than the DDS psychologists to whom the ALJ deferred

12- OPINION AND ORDER

because Dr. Davis had the benefit of reviewing Dr. Lange's evaluation, which Mason contends is the most thorough mental evaluation in the record, and because he questioned Mason at the hearing.

The Commissioner urges this court to affirm the ALJ's rejection of Dr. Davis' testimony. She argues that the ALJ fully discussed and weighed Dr. Davis' opinion, factored his findings in the RFC assessment, but rejected his opinion that Mason met a Listed Impairment because it was contradicted by "similarly situated reviewing physicians...".

There are several reasons Dr. Davis' opinion must be reevaluated on remand. First, Dr. Davis appears to have based his opinion largely on Dr. Lange's evaluation, which was wrongly rejected by the ALJ. Second, it is unclear from the record whether Mason's undisputed lack of credibility affected Dr. Lange's evaluation and/or Dr. Davis' opinion. Third, though the ALJ found Mason was abusing alcohol and marijuana at the time he issued his written decision (Tr. 32), it is unclear what role, if any, drugs and alcohol played in the disability picture. Notably, Dr. Lange diagnosed Mason with polysubstance dependence, in remission by Mason's self-report (Tr. 367), yet Mason himself testified that he continues to use marijuana (Tr. 553).

In sum, on remand the ALJ must reevaluate Dr. Lange's findings and state why he rejects them if he does, or credit them if he does not.  If the ALJ finds Dr. Lange's findings are credible, he must reevaluate Dr. Davis' opinion in light of Dr. Lange's.  If the ALJ then determines that Dr. Davis' opinion should be credited, he must evaluate whether drug addiction or alcoholism (DAA) was a material factor in Dr. Davis' determination that Mason met the criteria of a Listed Impairment. *See* 20 C.F.R. § 416.935(b).

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REMANDED for further proceedings.

IT IS SO ORDERED.

DATED this 22nd day of January, 2007.

/s/ Anna J. Brown
Anna J. Brown
United States District Judge

14- OPINION AND ORDER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WAYNE MASON,                                           CV 05-6350-BR

            Plaintiff,                         OPINION AND ORDER

     v.

JO ANNE B. BARNHART, Commissioner
of Social Security,

            Defendant.

> **KATHRYN TASSINARI**
> **BRENT WELLS**
> 474 Willamette, Suite 200
> Eugene, OR  97401
> (541) 686-1969
>
>      Attorneys for Plaintiff
>
> **KARIN J. IMMERGUT**
> United States Attorney
> **NEIL J. EVANS**
> Assistant United States Attorney
> 1000 S.W. Third Avenue, Suite 600
> Portland, OR  97204-2902
> (503) 727-1053
>
> **JEFFREY BAIRD**
> Special Assistant United States Attorney
> Social Security Administration
> 701 5th Avenue, Suite 2900 M/S 901
> Seattle, WA  98104-7075
> (206) 615-2205
>
>      Attorneys for Defendant

**BROWN, Judge:**

1- OPINION AND ORDER

**INTRODUCTION**

Plaintiff, Wayne Mason (Mason), brings this action for judicial review of a final decision of the Commissioner of Social Security, dated June 13, 2005, denying his application for supplemental security income (SSI) under Title XVI of the Social Security Act.  42 U.S.C. §§ 1381-83f.  This court has jurisdiction under 42 U.S.C. § 405(g).

Mason filed the application for benefits from which this case arises on November 1, 2002, after multiple previous applications since June 1980.  Tr. 14.  He was awarded benefits by order of this court, as of March 29, 1994, and received them until April 1998, when they were ceased due to medical improvement.  Id.  In the application at issue here Mason alleged disability beginning October 3, 2002, due to carpal tunnel syndrome of both arms, Hepatitis C, major depressive disorder, bilateral hearing loss, a head injury, back injuries, mood instability, paranoia, fatigue, nausea, memory loss, and bipolar disorder.  Tr. 16.

At the hearing, held before an Administrative Law Judge (ALJ) on February 1, 2005, Mason was represented by an attorney. He was 48 years old, with an eleventh grade education, a GED, and some training in small engine repair, welding and machine technology.  Tr. 529.  The ALJ found that Mason had not performed substantial gainful work activity in the past 15 years.  Tr. 16.

2- OPINION AND ORDER

After the ALJ issued a decision denying Mason's application on June 13, 2005, the Appeals Council denied his request for review on September 16, 2005, making the ALJ's decision final. Tr. 33; *see* 20 C.F.R. §§ 416.1481, 422.210.

On appeal to this court, Mason claims the ALJ erred by: (1) failing to provide legally sufficient reasons to reject the opinions of Robert Davis, Ph.D., who testified as a medical expert (ME) at the hearing, and Salvador Ortega, M.D.; (2) failing to credit the opinion of Donald Lange, Ph.D. in the assessment of his residual functional capacity (RFC); and (3) basing his step five non-disability decision on an incomplete hypothetical question.  Mason moves this court to remand his case for immediate calculation of benefits.

The Commissioner concedes that this case should be remanded, but for further proceedings.  According to the Commissioner, the ALJ must reevaluate the opinions of Dr. Ortega and Dr. Lange.  On the other hand, the Commissioner contends the ALJ's rejection of Dr. Davis' opinion should be affirmed.

Thus, the issues for this court are: (1) whether the ALJ provided legally sufficient reasons to reject the opinions of Dr. Ortega, Dr. Lange and/or Dr. Davis, and (2) if not, whether further administrative proceedings are necessary before a disability determination can be made.

Upon a thorough and careful review of the record, the court finds the Commissioner's decision was not based on substantial evidence, and therefore **REMANDS** for further proceedings.

### STANDARD OF REVIEW

The initial burden of proof rests on the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

4- OPINION AND ORDER

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld even if the "evidence is susceptible to more than one rational interpretation." *Andrews,* 53 F.3d at 1039-40. The court may not substitute its judgment for that of the Commissioner. *Batson,* 359 F.3d at 1193.

## DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert,* 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. The claimant bears the burden of proof at steps one through four. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Each step is potentially dispositive.

Here, at step one, the ALJ found Mason had not performed substantial gainful work activity since his alleged onset date of disability. Tr. 32; *see* 20 C.F.R. § 416.920(a)(4)(I).

At step two the ALJ found Mason had "severe" impairments, including carpal tunnel syndrome, bipolar disorder, ongoing alcohol and marijuana abuse, and hypertension. Tr. 32; *see* 20 C.F.R. § 416.920(a)(4)(ii).

At step three the ALJ determined that none of Mason's impairments, separately or in combination, met or equaled a Listed Impairment.  Tr. 32; see 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920(d).

The ALJ assessed Mason with the residual functional capacity (RFC) to perform a modified range of light work.  Tr. 32; see 20 C.F.R. §§ 416.920(e), 416.945.

At step four the ALJ found Mason had no past relevant work. Tr. 32; see 20 C.F.R. §§ 416.920(a)(4)(iv), 416.920(f).

At step five the ALJ found Mason remained capable of performing other work, such as light production/ assembler, electrical worker, or copy machine operator.  Tr. 31-32; 20 C.F.R. §§ 416.920(g).

<u>**DISCUSSION**</u>

The standards employed by the Commissioner in evaluating medical evidence in disability cases are found at 20 C.F.R. § 416.927.  The Commissioner weighs treating physicians' opinions by considering the following factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the degree of supporting explanations and evidence; (4) consistency with the record as a whole; (5) whether the physician specializes in the medical issue about which he opines; and (6) other evidence, such

6- OPINION AND ORDER

as whether the physician is familiar with the claimant's case record.  *Id*. at 416.927(d).

The Commissioner evaluates non-treating, examining physicians' and psychologists' opinions based on: (1) medical specialty and expertise with the social security rules; (2) supporting evidence in the case record; (3) supporting explanations provided by the physician or psychologist; and (4) any other relevant factors.  20 C.F.R. § 416.927(f).

To reject the uncontroverted opinion of a treating physician, the ALJ must present clear and convincing reasons for doing so.  *Rodriguez v. Bowen*, 876 F.2d 759, 761-62 (9th Cir. 1989).  To reject the opinion of a treating physician that conflicts with another physician's opinion in the record, the ALJ must give specific and legitimate reasons, based on substantial evidence.  *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987).

The opinion of a non-examining, testifying medical expert may serve as substantial evidence with which to reject a contradicted treating physician's opinion, if it is supported by other evidence in the record.  *See Andrews*, 53 F.3d at 1041. "Although the ALJ is not bound by expert medical opinion on the issue of disability, he must give clear and convincing reasons for rejecting such an opinion where it is uncontradicted." *Gallant v. Heckler*, 753 F.2d 1450, 1454 (9th Cir. 1984).

**A.   Dr. Ortega**

According to Mason, the ALJ wrongly rejected the opinion of
Salvador Ortega, M.D., that Mason was "a poor candidate to do any
prolonged and meaningful work duties" but "could possibly do
light work duties part time with the appropriate resources."  Tr.
407.

The ALJ reviewed Dr. Ortega's chart notes from three visits
with Mason between January 2004 and April 2004, and from a
physical examination of Mason in January 2005.  *See* Tr. 372-74,
406-407.  The ALJ noted that Mason told Dr. Ortega he was unable
to perform any meaningful work due to both mental and physical
impairments.  Tr. 18.  The ALJ restated Dr. Ortega's finding that
Mason had a very passive approach to his health, and that he was
unwilling or unable to change behaviors that attributed to his
health problems.  Tr. 18.  The ALJ also noted that Dr. Ortega
opined that Mason could possibly do part-time, light work.  Tr.
18.

The ALJ expressly found Dr. Ortega's reports credible.  Tr.
31.  Nevertheless, Mason contends the ALJ implicitly rejected Dr.
Ortega's opinion because "he did not adopt [it]."  This court
assumes Mason means that by finding Mason capable of performing
other work, at step five, the ALJ did not credit Dr. Ortega's
opinion that Mason could work part-time.

8- OPINION AND ORDER

As noted above, the Commissioner concedes the ALJ's evaluation of Dr. Ortega's opinion was inadequate.  However, the Commissioner argues it is unclear by what standard Dr. Ortega's opinion should be judged, because he only treated Mason three times.  *See* 20 C.F.R. § 416.927(d)(2)(stating that a treating physician's uncontroverted, clinically supported opinion is entitled to controlling weight).  Accordingly, the Commissioner urges this court to remand this case for reevaluation of Dr. Ortega's opinion.

This court is not persuaded by either party's position.  The opinion in question – that Mason is only capable of part-time work – is not an acceptable medical opinion.  It is an administrative finding reserved to the Commissioner, and is therefore entitled to little weight.  *See* SSR 96-5p; 20 C.F.R. § 416.927(e)(1).  The ALJ's only error was in failing to clearly state that this part of Dr. Ortega's opinion was not acceptable.  However, this error was harmless because it was inconsequential to the ultimate finding that Mason was not disabled during the period under review.  *See generally Booz v. Secretary of Health and Human Servs.*, 734 F.2d 1378 (9th Cir. 1984); *cf*. *Stout v. Comm'r*, 454 F.3d 1050, 1055-56 (9th Cir.2006)(where ALJ fails to properly discuss competent lay testimony reviewing court cannot consider error harmless unless it can conclude that "no

reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination").  Accordingly, it would be imprudent to remand this case for reevaluation of Dr. Ortega's opinion.

**B.   Dr. Lange**

Mason contends the ALJ erred by failing to credit the functional limitations assessed by Donald E. Lange, Ph.D., in January 2004, who performed a comprehensive neuropsychological evaluation of Mason.  Tr. 357-71.  According to Mason, the ALJ should have included in his RFC assessment "difficulties in processing speed" and "limitations in his ability to focus."  His failure to do so resulted in error, argues Mason, because the jobs the ALJ found Mason capable of performing at step five required fast processing and good attention.

The ALJ throughly reviewed Dr. Lange's report, expressly noting his principle finding that Mason exhibits "inconsistency in his ability to maintain focus and freedom from distraction, a notably slower mental and psychomotor speed, [and] a highly inconsistent immediate span and ability for mental tracking and multitasking."  Tr. 24-25.  The ALJ stated that he gave "some weight" to Dr. Lange's evaluation, but did not indicate what portion of Dr. Lange's opinion he rejected, or why.  In rejecting Dr. Davis' opinion (discussed below) that Mason met the criteria

10- OPINION AND ORDER

of a Listed Impairment, which was largely based on Dr. Lange's evaluation, the ALJ indicated that he found the Disability Determination Services (DDS) physicians more persuasive.  Tr. 28.

In any event, though it is not entirely clear to this court that the ALJ rejected the limitations Mason contends he did (given that the RFC assessment included a limitation to only occasional co-worker interaction, no public interaction, and only simple, routine, repetitive work), still he failed to provide any reasons for not fully crediting Dr. Lange.  This was plainly error, as the Commissioner concedes.

The Commissioner would have this court remand this case so she may compare Dr. Lange's opinion "with other medical opinions indicating the possibility of sustained gainful activity, for example, the well supported opinion of James Wahlberg, Ph.D., issued August 7, 2002...".  Yet, the ALJ already compared Dr. Lange's opinion with Dr. Wahlberg's, noting that Dr. Lange's was "completely different" (Tr. 28) and that Dr. Wahlberg opined Mason had a "number of intellectual skills and abilities that could be transferable to a variety of job situations" though he believed Mason's physical limitations would preclude employment. Tr. 24, 31, 326, 333-39.  The purpose of further comparison eludes this court.

11- OPINION AND ORDER

Under the "crediting as true" doctrine, evidence should be
credited and an immediate award of benefits directed where the
ALJ has failed to provide legally sufficient reasons for
rejecting such evidence and no outstanding issues remain before a
determination of disability can be made if the evidence is
credited. *Harman v. Apfel*, 211 F.3d 1172, 1178, citing *Smolen v.
Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).  Although the ALJ
failed to provide legally sufficient reasons for rejecting Dr.
Lange's opinion, even were this court to credit Dr. Lange, a
disability determination could not be made before the issues
discussed below are resolved.

**C.    Dr. Davis**

Dr. Davis testified at the hearing in February 2005 as a
medical expert (ME).  He stated that in his opinion, based on the
testing performed by Dr. Lange, Mason met the criteria of Listing
12.04 (Affective Disorder) until six months before the hearing
(or until August 2004), when he improved from medication.  Tr.
558.  However, Dr. Davis also opined that even after improvement,
Mason still needed to work in an environment with very tolerant
production requirements and without interacting with many people.
Id.

Mason argues that Dr. Davis' opinion is entitled to more
weight than the DDS psychologists to whom the ALJ deferred

12- OPINION AND ORDER

because Dr. Davis had the benefit of reviewing Dr. Lange's evaluation, which Mason contends is the most thorough mental evaluation in the record, and because he questioned Mason at the hearing.

The Commissioner urges this court to affirm the ALJ's rejection of Dr. Davis' testimony.  She argues that the ALJ fully discussed and weighed Dr. Davis' opinion, factored his findings in the RFC assessment, but rejected his opinion that Mason met a Listed Impairment because it was contradicted by "similarly situated reviewing physicians...".

There are several reasons Dr. Davis' opinion must be reevaluated on remand.  First, Dr. Davis appears to have based his opinion largely on Dr. Lange's evaluation, which was wrongly rejected by the ALJ.  Second, it is unclear from the record whether Mason's undisputed lack of credibility affected Dr. Lange's evaluation and/or Dr. Davis' opinion.  Third, though the ALJ found Mason was abusing alcohol and marijuana at the time he issued his written decision (Tr. 32), it is unclear what role, if any, drugs and alcohol played in the disability picture. Notably, Dr. Lange diagnosed Mason with polysubstance dependence, in remission by Mason's self-report (Tr. 367), yet Mason himself testified that he continues to use marijuana (Tr. 553).

13- OPINION AND ORDER

In sum, on remand the ALJ must reevaluate Dr. Lange's findings and state why he rejects them if he does, or credit them if he does not.  If the ALJ finds Dr. Lange's findings are credible, he must reevaluate Dr. Davis' opinion in light of Dr. Lange's.  If the ALJ then determines that Dr. Davis' opinion should be credited, he must evaluate whether drug addiction or alcoholism (DAA) was a material factor in Dr. Davis' determination that Mason met the criteria of a Listed Impairment. *See* 20 C.F.R. § 416.935(b).

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REMANDED for further proceedings.

IT IS SO ORDERED.

DATED this 22nd day of January, 2007.

/s/ Anna J. Brown
Anna J. Brown
United States District Judge

14- OPINION AND ORDER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WAYNE MASON,                                              CV 05-6350-BR

            Plaintiff,                              OPINION AND ORDER

    v.

JO ANNE B. BARNHART, Commissioner
of Social Security,

            Defendant.

**KATHRYN TASSINARI**
**BRENT WELLS**
474 Willamette, Suite 200
Eugene, OR  97401
(541) 686-1969

    Attorneys for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**NEIL J. EVANS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

**JEFFREY BAIRD**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2205

    Attorneys for Defendant

**BROWN, Judge:**

1- OPINION AND ORDER

**INTRODUCTION**

Plaintiff, Wayne Mason (Mason), brings this action for judicial review of a final decision of the Commissioner of Social Security, dated June 13, 2005, denying his application for supplemental security income (SSI) under Title XVI of the Social Security Act.  42 U.S.C. §§ 1381-83f.  This court has jurisdiction under 42 U.S.C. § 405(g).

Mason filed the application for benefits from which this case arises on November 1, 2002, after multiple previous applications since June 1980.  Tr. 14.  He was awarded benefits by order of this court, as of March 29, 1994, and received them until April 1998, when they were ceased due to medical improvement.  Id.  In the application at issue here Mason alleged disability beginning October 3, 2002, due to carpal tunnel syndrome of both arms, Hepatitis C, major depressive disorder, bilateral hearing loss, a head injury, back injuries, mood instability, paranoia, fatigue, nausea, memory loss, and bipolar disorder.  Tr. 16.

At the hearing, held before an Administrative Law Judge (ALJ) on February 1, 2005, Mason was represented by an attorney. He was 48 years old, with an eleventh grade education, a GED, and some training in small engine repair, welding and machine technology.  Tr. 529.  The ALJ found that Mason had not performed substantial gainful work activity in the past 15 years.  Tr. 16.

After the ALJ issued a decision denying Mason's application on June 13, 2005, the Appeals Council denied his request for review on September 16, 2005, making the ALJ's decision final. Tr. 33; *see* 20 C.F.R. §§ 416.1481, 422.210.

On appeal to this court, Mason claims the ALJ erred by: (1) failing to provide legally sufficient reasons to reject the opinions of Robert Davis, Ph.D., who testified as a medical expert (ME) at the hearing, and Salvador Ortega, M.D.; (2) failing to credit the opinion of Donald Lange, Ph.D. in the assessment of his residual functional capacity (RFC); and (3) basing his step five non-disability decision on an incomplete hypothetical question.  Mason moves this court to remand his case for immediate calculation of benefits.

The Commissioner concedes that this case should be remanded, but for further proceedings.  According to the Commissioner, the ALJ must reevaluate the opinions of Dr. Ortega and Dr. Lange.  On the other hand, the Commissioner contends the ALJ's rejection of Dr. Davis' opinion should be affirmed.

Thus, the issues for this court are: (1) whether the ALJ provided legally sufficient reasons to reject the opinions of Dr. Ortega, Dr. Lange and/or Dr. Davis, and (2) if not, whether further administrative proceedings are necessary before a disability determination can be made.

Upon a thorough and careful review of the record, the court finds the Commissioner's decision was not based on substantial evidence, and therefore **REMANDS** for further proceedings.

## STANDARD OF REVIEW

The initial burden of proof rests on the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

4- OPINION AND ORDER

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.
2001).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Martinez
v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).  The
Commissioner's decision must be upheld even if the "evidence is
susceptible to more than one rational interpretation."  *Andrews,*
53 F.3d at 1039-40.  The court may not substitute its judgment
for that of the Commissioner.  *Batson,* 359 F.3d at 1193.

## DISABILITY ANALYSIS

The Commissioner has established a five-step sequential
process for determining whether a person is disabled.  *Bowen v.
Yuckert,* 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920.  The
claimant bears the burden of proof at steps one through four.
*See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  Each
step is potentially dispositive.

Here, at step one, the ALJ found Mason had not performed
substantial gainful work activity since his alleged onset date of
disability.  Tr. 32; *see* 20 C.F.R. § 416.920(a)(4)(I).

At step two the ALJ found Mason had "severe" impairments,
including carpal tunnel syndrome, bipolar disorder, ongoing
alcohol and marijuana abuse, and hypertension.  Tr. 32; *see* 20
C.F.R. § 416.920(a)(4)(ii).

5- OPINION AND ORDER

At step three the ALJ determined that none of Mason's impairments, separately or in combination, met or equaled a Listed Impairment.  Tr. 32; see 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920(d).

The ALJ assessed Mason with the residual functional capacity (RFC) to perform a modified range of light work.  Tr. 32; see 20 C.F.R. §§ 416.920(e), 416.945.

At step four the ALJ found Mason had no past relevant work. Tr. 32; see 20 C.F.R. §§ 416.920(a)(4)(iv), 416.920(f).

At step five the ALJ found Mason remained capable of performing other work, such as light production/ assembler, electrical worker, or copy machine operator.  Tr. 31-32; 20 C.F.R. §§ 416.920(g).

## DISCUSSION

The standards employed by the Commissioner in evaluating medical evidence in disability cases are found at 20 C.F.R. § 416.927.  The Commissioner weighs treating physicians' opinions by considering the following factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the degree of supporting explanations and evidence; (4) consistency with the record as a whole; (5) whether the physician specializes in the medical issue about which he opines; and (6) other evidence, such

6- OPINION AND ORDER

as whether the physician is familiar with the claimant's case
record. *Id.* at 416.927(d).

The Commissioner evaluates non-treating, examining
physicians' and psychologists' opinions based on: (1) medical
specialty and expertise with the social security rules; (2)
supporting evidence in the case record; (3) supporting
explanations provided by the physician or psychologist; and (4)
any other relevant factors. 20 C.F.R. § 416.927(f).

To reject the uncontroverted opinion of a treating
physician, the ALJ must present clear and convincing reasons for
doing so. *Rodriguez v. Bowen*, 876 F.2d 759, 761-62 (9th Cir.
1989). To reject the opinion of a treating physician that
conflicts with another physician's opinion in the record, the ALJ
must give specific and legitimate reasons, based on substantial
evidence. *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987).

The opinion of a non-examining, testifying medical expert
may serve as substantial evidence with which to reject a
contradicted treating physician's opinion, if it is supported by
other evidence in the record. *See Andrews*, 53 F.3d at 1041.
"Although the ALJ is not bound by expert medical opinion on the
issue of disability, he must give clear and convincing reasons
for rejecting such an opinion where it is uncontradicted."
*Gallant v. Heckler*, 753 F.2d 1450, 1454 (9th Cir. 1984).

7- OPINION AND ORDER

### A.   Dr. Ortega

According to Mason, the ALJ wrongly rejected the opinion of
Salvador Ortega, M.D., that Mason was "a poor candidate to do any
prolonged and meaningful work duties" but "could possibly do
light work duties part time with the appropriate resources."  Tr.
407.

The ALJ reviewed Dr. Ortega's chart notes from three visits
with Mason between January 2004 and April 2004, and from a
physical examination of Mason in January 2005.  *See* Tr. 372-74,
406-407.  The ALJ noted that Mason told Dr. Ortega he was unable
to perform any meaningful work due to both mental and physical
impairments.  Tr. 18.  The ALJ restated Dr. Ortega's finding that
Mason had a very passive approach to his health, and that he was
unwilling or unable to change behaviors that attributed to his
health problems.  Tr. 18.  The ALJ also noted that Dr. Ortega
opined that Mason could possibly do part-time, light work.  Tr.
18.

The ALJ expressly found Dr. Ortega's reports credible.  Tr.
31.  Nevertheless, Mason contends the ALJ implicitly rejected Dr.
Ortega's opinion because "he did not adopt [it]."  This court
assumes Mason means that by finding Mason capable of performing
other work, at step five, the ALJ did not credit Dr. Ortega's
opinion that Mason could work part-time.

8- OPINION AND ORDER

As noted above, the Commissioner concedes the ALJ's evaluation of Dr. Ortega's opinion was inadequate.  However, the Commissioner argues it is unclear by what standard Dr. Ortega's opinion should be judged, because he only treated Mason three times.  *See* 20 C.F.R. § 416.927(d)(2)(stating that a treating physician's uncontroverted, clinically supported opinion is entitled to controlling weight).  Accordingly, the Commissioner urges this court to remand this case for reevaluation of Dr. Ortega's opinion.

This court is not persuaded by either party's position.  The opinion in question – that Mason is only capable of part-time work – is not an acceptable medical opinion.  It is an administrative finding reserved to the Commissioner, and is therefore entitled to little weight.  *See* SSR 96-5p; 20 C.F.R. § 416.927(e)(1).  The ALJ's only error was in failing to clearly state that this part of Dr. Ortega's opinion was not acceptable.  However, this error was harmless because it was inconsequential to the ultimate finding that Mason was not disabled during the period under review.  *See generally Booz v. Secretary of Health and Human Servs.*, 734 F.2d 1378 (9th Cir. 1984); *cf*. *Stout v. Comm'r*, 454 F.3d 1050, 1055-56 (9th Cir.2006)(where ALJ fails to properly discuss competent lay testimony reviewing court cannot consider error harmless unless it can conclude that "no

reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination").  Accordingly, it would be imprudent to remand this case for reevaluation of Dr. Ortega's opinion.

### B.    Dr. Lange

Mason contends the ALJ erred by failing to credit the functional limitations assessed by Donald E. Lange, Ph.D., in January 2004, who performed a comprehensive neuropsychological evaluation of Mason.  Tr. 357-71.  According to Mason, the ALJ should have included in his RFC assessment "difficulties in processing speed" and "limitations in his ability to focus."  His failure to do so resulted in error, argues Mason, because the jobs the ALJ found Mason capable of performing at step five required fast processing and good attention.

The ALJ throughly reviewed Dr. Lange's report, expressly noting his principle finding that Mason exhibits "inconsistency in his ability to maintain focus and freedom from distraction, a notably slower mental and psychomotor speed, [and] a highly inconsistent immediate span and ability for mental tracking and multitasking."  Tr. 24-25.  The ALJ stated that he gave "some weight" to Dr. Lange's evaluation, but did not indicate what portion of Dr. Lange's opinion he rejected, or why.  In rejecting Dr. Davis' opinion (discussed below) that Mason met the criteria

of a Listed Impairment, which was largely based on Dr. Lange's evaluation, the ALJ indicated that he found the Disability Determination Services (DDS) physicians more persuasive.  Tr. 28.

In any event, though it is not entirely clear to this court that the ALJ rejected the limitations Mason contends he did (given that the RFC assessment included a limitation to only occasional co-worker interaction, no public interaction, and only simple, routine, repetitive work), still he failed to provide any reasons for not fully crediting Dr. Lange.  This was plainly error, as the Commissioner concedes.

The Commissioner would have this court remand this case so she may compare Dr. Lange's opinion "with other medical opinions indicating the possibility of sustained gainful activity, for example, the well supported opinion of James Wahlberg, Ph.D., issued August 7, 2002...".  Yet, the ALJ already compared Dr. Lange's opinion with Dr. Wahlberg's, noting that Dr. Lange's was "completely different" (Tr. 28) and that Dr. Wahlberg opined Mason had a "number of intellectual skills and abilities that could be transferable to a variety of job situations" though he believed Mason's physical limitations would preclude employment. Tr. 24, 31, 326, 333-39.  The purpose of further comparison eludes this court.

11- OPINION AND ORDER

Under the "crediting as true" doctrine, evidence should be credited and an immediate award of benefits directed where the ALJ has failed to provide legally sufficient reasons for rejecting such evidence and no outstanding issues remain before a determination of disability can be made if the evidence is credited. *Harman v. Apfel*, 211 F.3d 1172, 1178, citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Although the ALJ failed to provide legally sufficient reasons for rejecting Dr. Lange's opinion, even were this court to credit Dr. Lange, a disability determination could not be made before the issues discussed below are resolved.

**C.   Dr. Davis**

Dr. Davis testified at the hearing in February 2005 as a medical expert (ME). He stated that in his opinion, based on the testing performed by Dr. Lange, Mason met the criteria of Listing 12.04 (Affective Disorder) until six months before the hearing (or until August 2004), when he improved from medication. Tr. 558. However, Dr. Davis also opined that even after improvement, Mason still needed to work in an environment with very tolerant production requirements and without interacting with many people. Id.

Mason argues that Dr. Davis' opinion is entitled to more weight than the DDS psychologists to whom the ALJ deferred

12- OPINION AND ORDER

because Dr. Davis had the benefit of reviewing Dr. Lange's evaluation, which Mason contends is the most thorough mental evaluation in the record, and because he questioned Mason at the hearing.

The Commissioner urges this court to affirm the ALJ's rejection of Dr. Davis' testimony. She argues that the ALJ fully discussed and weighed Dr. Davis' opinion, factored his findings in the RFC assessment, but rejected his opinion that Mason met a Listed Impairment because it was contradicted by "similarly situated reviewing physicians...".

There are several reasons Dr. Davis' opinion must be reevaluated on remand. First, Dr. Davis appears to have based his opinion largely on Dr. Lange's evaluation, which was wrongly rejected by the ALJ. Second, it is unclear from the record whether Mason's undisputed lack of credibility affected Dr. Lange's evaluation and/or Dr. Davis' opinion. Third, though the ALJ found Mason was abusing alcohol and marijuana at the time he issued his written decision (Tr. 32), it is unclear what role, if any, drugs and alcohol played in the disability picture. Notably, Dr. Lange diagnosed Mason with polysubstance dependence, in remission by Mason's self-report (Tr. 367), yet Mason himself testified that he continues to use marijuana (Tr. 553).

13- OPINION AND ORDER

In sum, on remand the ALJ must reevaluate Dr. Lange's findings and state why he rejects them if he does, or credit them if he does not.  If the ALJ finds Dr. Lange's findings are credible, he must reevaluate Dr. Davis' opinion in light of Dr. Lange's.  If the ALJ then determines that Dr. Davis' opinion should be credited, he must evaluate whether drug addiction or alcoholism (DAA) was a material factor in Dr. Davis' determination that Mason met the criteria of a Listed Impairment. *See* 20 C.F.R. § 416.935(b).

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REMANDED for further proceedings.

IT IS SO ORDERED.

DATED this 22nd day of January, 2007.


/s/ Anna J. Brown
Anna J. Brown
United States District Judge

14- OPINION AND ORDER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


WAYNE MASON,                                      CV 05-6350-BR

             Plaintiff,                          OPINION AND ORDER

    v.

JO ANNE B. BARNHART, Commissioner
of Social Security,


            Defendant.

**KATHRYN TASSINARI**
**BRENT WELLS**
474 Willamette, Suite 200
Eugene, OR  97401
(541) 686-1969

      Attorneys for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**NEIL J. EVANS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

**JEFFREY BAIRD**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2205

      Attorneys for Defendant

**BROWN, Judge:**


1- OPINION AND ORDER

**INTRODUCTION**

Plaintiff, Wayne Mason (Mason), brings this action for judicial review of a final decision of the Commissioner of Social Security, dated June 13, 2005, denying his application for supplemental security income (SSI) under Title XVI of the Social Security Act.  42 U.S.C. §§ 1381-83f.  This court has jurisdiction under 42 U.S.C. § 405(g).

Mason filed the application for benefits from which this case arises on November 1, 2002, after multiple previous applications since June 1980.  Tr. 14.  He was awarded benefits by order of this court, as of March 29, 1994, and received them until April 1998, when they were ceased due to medical improvement.  Id.  In the application at issue here Mason alleged disability beginning October 3, 2002, due to carpal tunnel syndrome of both arms, Hepatitis C, major depressive disorder, bilateral hearing loss, a head injury, back injuries, mood instability, paranoia, fatigue, nausea, memory loss, and bipolar disorder.  Tr. 16.

At the hearing, held before an Administrative Law Judge (ALJ) on February 1, 2005, Mason was represented by an attorney. He was 48 years old, with an eleventh grade education, a GED, and some training in small engine repair, welding and machine technology.  Tr. 529.  The ALJ found that Mason had not performed substantial gainful work activity in the past 15 years.  Tr. 16.

After the ALJ issued a decision denying Mason's application on June 13, 2005, the Appeals Council denied his request for review on September 16, 2005, making the ALJ's decision final. Tr. 33; *see* 20 C.F.R. §§ 416.1481, 422.210.

On appeal to this court, Mason claims the ALJ erred by: (1) failing to provide legally sufficient reasons to reject the opinions of Robert Davis, Ph.D., who testified as a medical expert (ME) at the hearing, and Salvador Ortega, M.D.; (2) failing to credit the opinion of Donald Lange, Ph.D. in the assessment of his residual functional capacity (RFC); and (3) basing his step five non-disability decision on an incomplete hypothetical question.  Mason moves this court to remand his case for immediate calculation of benefits.

The Commissioner concedes that this case should be remanded, but for further proceedings.  According to the Commissioner, the ALJ must reevaluate the opinions of Dr. Ortega and Dr. Lange.  On the other hand, the Commissioner contends the ALJ's rejection of Dr. Davis' opinion should be affirmed.

Thus, the issues for this court are: (1) whether the ALJ provided legally sufficient reasons to reject the opinions of Dr. Ortega, Dr. Lange and/or Dr. Davis, and (2) if not, whether further administrative proceedings are necessary before a disability determination can be made.

Upon a thorough and careful review of the record, the court finds the Commissioner's decision was not based on substantial evidence, and therefore **REMANDS** for further proceedings.

### STANDARD OF REVIEW

The initial burden of proof rests on the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld even if the "evidence is susceptible to more than one rational interpretation." *Andrews,* 53 F.3d at 1039-40. The court may not substitute its judgment for that of the Commissioner. *Batson,* 359 F.3d at 1193.

## DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert,* 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. The claimant bears the burden of proof at steps one through four. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Each step is potentially dispositive.

Here, at step one, the ALJ found Mason had not performed substantial gainful work activity since his alleged onset date of disability. Tr. 32; *see* 20 C.F.R. § 416.920(a)(4)(I).

At step two the ALJ found Mason had "severe" impairments, including carpal tunnel syndrome, bipolar disorder, ongoing alcohol and marijuana abuse, and hypertension. Tr. 32; *see* 20 C.F.R. § 416.920(a)(4)(ii).

At step three the ALJ determined that none of Mason's impairments, separately or in combination, met or equaled a Listed Impairment. Tr. 32; see 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920(d).

The ALJ assessed Mason with the residual functional capacity (RFC) to perform a modified range of light work. Tr. 32; see 20 C.F.R. §§ 416.920(e), 416.945.

At step four the ALJ found Mason had no past relevant work. Tr. 32; see 20 C.F.R. §§ 416.920(a)(4)(iv), 416.920(f).

At step five the ALJ found Mason remained capable of performing other work, such as light production/ assembler, electrical worker, or copy machine operator. Tr. 31-32; 20 C.F.R. §§ 416.920(g).

<u>**DISCUSSION**</u>

The standards employed by the Commissioner in evaluating medical evidence in disability cases are found at 20 C.F.R. § 416.927. The Commissioner weighs treating physicians' opinions by considering the following factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the degree of supporting explanations and evidence; (4) consistency with the record as a whole; (5) whether the physician specializes in the medical issue about which he opines; and (6) other evidence, such

6- OPINION AND ORDER

as whether the physician is familiar with the claimant's case record.  *Id.* at 416.927(d).

The Commissioner evaluates non-treating, examining physicians' and psychologists' opinions based on: (1) medical specialty and expertise with the social security rules; (2) supporting evidence in the case record; (3) supporting explanations provided by the physician or psychologist; and (4) any other relevant factors.  20 C.F.R. § 416.927(f).

To reject the uncontroverted opinion of a treating physician, the ALJ must present clear and convincing reasons for doing so.  *Rodriguez v. Bowen*, 876 F.2d 759, 761-62 (9th Cir. 1989).  To reject the opinion of a treating physician that conflicts with another physician's opinion in the record, the ALJ must give specific and legitimate reasons, based on substantial evidence.  *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987).

The opinion of a non-examining, testifying medical expert may serve as substantial evidence with which to reject a contradicted treating physician's opinion, if it is supported by other evidence in the record.  *See Andrews*, 53 F.3d at 1041.  "Although the ALJ is not bound by expert medical opinion on the issue of disability, he must give clear and convincing reasons for rejecting such an opinion where it is uncontradicted."  *Gallant v. Heckler*, 753 F.2d 1450, 1454 (9th Cir. 1984).

**A.   Dr. Ortega**

According to Mason, the ALJ wrongly rejected the opinion of Salvador Ortega, M.D., that Mason was "a poor candidate to do any prolonged and meaningful work duties" but "could possibly do light work duties part time with the appropriate resources."  Tr. 407.

The ALJ reviewed Dr. Ortega's chart notes from three visits with Mason between January 2004 and April 2004, and from a physical examination of Mason in January 2005.  *See* Tr. 372-74, 406-407.  The ALJ noted that Mason told Dr. Ortega he was unable to perform any meaningful work due to both mental and physical impairments.  Tr. 18.  The ALJ restated Dr. Ortega's finding that Mason had a very passive approach to his health, and that he was unwilling or unable to change behaviors that attributed to his health problems.  Tr. 18.  The ALJ also noted that Dr. Ortega opined that Mason could possibly do part-time, light work.  Tr. 18.

The ALJ expressly found Dr. Ortega's reports credible.  Tr. 31.  Nevertheless, Mason contends the ALJ implicitly rejected Dr. Ortega's opinion because "he did not adopt [it]."  This court assumes Mason means that by finding Mason capable of performing other work, at step five, the ALJ did not credit Dr. Ortega's opinion that Mason could work part-time.

8- OPINION AND ORDER

As noted above, the Commissioner concedes the ALJ's evaluation of Dr. Ortega's opinion was inadequate.  However, the Commissioner argues it is unclear by what standard Dr. Ortega's opinion should be judged, because he only treated Mason three times.  *See* 20 C.F.R. § 416.927(d)(2)(stating that a treating physician's uncontroverted, clinically supported opinion is entitled to controlling weight).  Accordingly, the Commissioner urges this court to remand this case for reevaluation of Dr. Ortega's opinion.

This court is not persuaded by either party's position.  The opinion in question – that Mason is only capable of part-time work – is not an acceptable medical opinion.  It is an administrative finding reserved to the Commissioner, and is therefore entitled to little weight.  *See* SSR 96-5p; 20 C.F.R. § 416.927(e)(1).  The ALJ's only error was in failing to clearly state that this part of Dr. Ortega's opinion was not acceptable.  However, this error was harmless because it was inconsequential to the ultimate finding that Mason was not disabled during the period under review.  *See generally Booz v. Secretary of Health and Human Servs.*, 734 F.2d 1378 (9th Cir. 1984); *cf. Stout v. Comm'r*, 454 F.3d 1050, 1055-56 (9th Cir.2006)(where ALJ fails to properly discuss competent lay testimony reviewing court cannot consider error harmless unless it can conclude that "no

reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination").  Accordingly, it would be imprudent to remand this case for reevaluation of Dr. Ortega's opinion.

**B.   Dr. Lange**

Mason contends the ALJ erred by failing to credit the functional limitations assessed by Donald E. Lange, Ph.D., in January 2004, who performed a comprehensive neuropsychological evaluation of Mason.  Tr. 357-71.  According to Mason, the ALJ should have included in his RFC assessment "difficulties in processing speed" and "limitations in his ability to focus."  His failure to do so resulted in error, argues Mason, because the jobs the ALJ found Mason capable of performing at step five required fast processing and good attention.

The ALJ throughly reviewed Dr. Lange's report, expressly noting his principle finding that Mason exhibits "inconsistency in his ability to maintain focus and freedom from distraction, a notably slower mental and psychomotor speed, [and] a highly inconsistent immediate span and ability for mental tracking and multitasking."  Tr. 24-25.  The ALJ stated that he gave "some weight" to Dr. Lange's evaluation, but did not indicate what portion of Dr. Lange's opinion he rejected, or why.  In rejecting Dr. Davis' opinion (discussed below) that Mason met the criteria

10- OPINION AND ORDER

of a Listed Impairment, which was largely based on Dr. Lange's evaluation, the ALJ indicated that he found the Disability Determination Services (DDS) physicians more persuasive.  Tr. 28.

In any event, though it is not entirely clear to this court that the ALJ rejected the limitations Mason contends he did (given that the RFC assessment included a limitation to only occasional co-worker interaction, no public interaction, and only simple, routine, repetitive work), still he failed to provide any reasons for not fully crediting Dr. Lange.  This was plainly error, as the Commissioner concedes.

The Commissioner would have this court remand this case so she may compare Dr. Lange's opinion "with other medical opinions indicating the possibility of sustained gainful activity, for example, the well supported opinion of James Wahlberg, Ph.D., issued August 7, 2002...".  Yet, the ALJ already compared Dr. Lange's opinion with Dr. Wahlberg's, noting that Dr. Lange's was "completely different" (Tr. 28) and that Dr. Wahlberg opined Mason had a "number of intellectual skills and abilities that could be transferable to a variety of job situations" though he believed Mason's physical limitations would preclude employment. Tr. 24, 31, 326, 333-39.  The purpose of further comparison eludes this court.

11- OPINION AND ORDER

Under the "crediting as true" doctrine, evidence should be
credited and an immediate award of benefits directed where the
ALJ has failed to provide legally sufficient reasons for
rejecting such evidence and no outstanding issues remain before a
determination of disability can be made if the evidence is
credited. *Harman v. Apfel*, 211 F.3d 1172, 1178, citing *Smolen v.
Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).  Although the ALJ
failed to provide legally sufficient reasons for rejecting Dr.
Lange's opinion, even were this court to credit Dr. Lange, a
disability determination could not be made before the issues
discussed below are resolved.

**C.   Dr. Davis**

Dr. Davis testified at the hearing in February 2005 as a
medical expert (ME).  He stated that in his opinion, based on the
testing performed by Dr. Lange, Mason met the criteria of Listing
12.04 (Affective Disorder) until six months before the hearing
(or until August 2004), when he improved from medication.  Tr.
558.  However, Dr. Davis also opined that even after improvement,
Mason still needed to work in an environment with very tolerant
production requirements and without interacting with many people.
Id.

Mason argues that Dr. Davis' opinion is entitled to more
weight than the DDS psychologists to whom the ALJ deferred

12- OPINION AND ORDER

because Dr. Davis had the benefit of reviewing Dr. Lange's evaluation, which Mason contends is the most thorough mental evaluation in the record, and because he questioned Mason at the hearing.

The Commissioner urges this court to affirm the ALJ's rejection of Dr. Davis' testimony.  She argues that the ALJ fully discussed and weighed Dr. Davis' opinion, factored his findings in the RFC assessment, but rejected his opinion that Mason met a Listed Impairment because it was contradicted by "similarly situated reviewing physicians...".

There are several reasons Dr. Davis' opinion must be reevaluated on remand.  First, Dr. Davis appears to have based his opinion largely on Dr. Lange's evaluation, which was wrongly rejected by the ALJ.  Second, it is unclear from the record whether Mason's undisputed lack of credibility affected Dr. Lange's evaluation and/or Dr. Davis' opinion.  Third, though the ALJ found Mason was abusing alcohol and marijuana at the time he issued his written decision (Tr. 32), it is unclear what role, if any, drugs and alcohol played in the disability picture. Notably, Dr. Lange diagnosed Mason with polysubstance dependence, in remission by Mason's self-report (Tr. 367), yet Mason himself testified that he continues to use marijuana (Tr. 553).

13- OPINION AND ORDER

In sum, on remand the ALJ must reevaluate Dr. Lange's findings and state why he rejects them if he does, or credit them if he does not.  If the ALJ finds Dr. Lange's findings are credible, he must reevaluate Dr. Davis' opinion in light of Dr. Lange's.  If the ALJ then determines that Dr. Davis' opinion should be credited, he must evaluate whether drug addiction or alcoholism (DAA) was a material factor in Dr. Davis' determination that Mason met the criteria of a Listed Impairment. *See* 20 C.F.R. § 416.935(b).

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REMANDED for further proceedings.

IT IS SO ORDERED.

DATED this 22nd day of January, 2007.

/s/ Anna J. Brown
Anna J. Brown
United States District Judge

14- OPINION AND ORDER